IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Vs. | § | CASE NO. 6:05CR14 |
| TIMOTHY MARK BOWLING | § | |

REPORT AND RECOMMENDATION ON SUPERVISED RELEASE

On June 16, 2005, this matter came on for a hearing on the Petition for Warrant or Summons for Offender Under Supervision (Docket No. 2). Originally the Government based its motion on two violations of supervised release conditions. At the hearing, the Government abandoned the most serious ground and proceeded on just one violation. Based on the evidence and argument of counsel, it is recommended that Supervised Release not be revoked.

*Background*

After being found guilty of the offense of Making a False Statement in Application for a Passport, the Defendant was sentenced to fifteen months imprisonment and three years supervised release on Julе 17, 1999, by Honorable Sim Lake of the Southern District of Texas. The Defendant completed his term of imprisonment and began serving his term of supervised release on March 30, 2002. His case was transferred to the Eastern District of Texas on February 22, 2005, and assigned to Honorable William M. Steger.

*The Allegations*

In the Petition, filed March 9, 2005, United States Probation Officer Charles Fuller alleged that the Defendant violated the supervised release conditions that state (1) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month, and (2) the defendant shall not possess a firearm. The Petition alleges that the Defendant submitted late monthly reports for the months of June and August, 2004, and that on January 28, 2005, during the execution of a state search warrant, five firearms were discovered in his home.

*The Hearing*

On June 16, 2005, the Defendant appeared for his final revocation hearing represented by retained counsel, Tonda Curry. In open court, the Government moved to dismiss the second allegation of possession of firearms. The Defendant then pleaded "true" to the allegation of being late twice in submitting his monthly reports – once by two days and once by four days. The Government argued that Defendant's Supervised Release should be revoked and the Defendant argued for his Supervised Release to be continued and not revoked.

*Applicable Law*

According to 18 U.S.C. 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. In the present case, the Defendant's original offense was a Class C felony; therefore, the maximum imprisonment sentence is two years. 18 U.S.C. 3583(e).

Under the Sentencing Guidelines, if the Court finds by a preponderance of the evidence that the Defendant violated his conditions of supervision by submitting late monthly reports, he will be guilty of committing a Grade C violation. Section 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the Court may (a) revoke supervised release; of (B) extend the term of supervised release and/or modify the conditions of supervision. The guideline range for a Grade C violation with a criminal history of II is 4 to 10 months. U.S.S.G. 7B1.4(a).

*Findings and Conclusions*

I find that the Defendant was competent and that his plea of "true" was knowingly and voluntarily made. I accept the Defendant's plea and find by a preponderance of the evidence that the allegation made by the Government that the Defendant was late, twice, in submitting his monthly reports is true. I do not find, however, that his supervised release should be revoked for such a minor infraction. The Court seriously doubts that a petition to revoke would have been filed had this one allegation been the only violation originally alleged. Given that the Government abandoned the more serious allegation, I find that the term of supervised release should be extended to the original term of three years.

## RECOMMENDATION

It is recommended that the Defendant's term of supervised release be continued on the original terms.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified the Defendant of his right to object to this Report and Recommendation . The Defendant waived his right to object as did the Government. It is, therefore,

3

recommended that the Court continue the Defendant's supervised release and not revoke same.

So **ORDERED** and **SIGNED** this  28  day of June, 2005.

                                                      _____
                                                      JUDITH K. GUTHRIE
                                                      UNITED STATES MAGISTRATE JUDGE